Electronically FILED by Superior Court of California, County of Los Angeles on 01/14/2022 02:37 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
Case 2:22-cv-06936-JLS-JC Document 2-1 Filed 09/27/22 Page 1 of 19 Page ID #:75
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Timothy Dillon

GREENE BROILLET & WHEELER, LLP
LAWYERS
222 N. PACIFIC COAST HIGHWAY, SUITE 2100
P.O. BOX 955
EL SEGUNDO, CALIFORNIA 90245
TEL. (310) 576-1200
FAX. (310) 576-1220

(SPACE BELOW FOR FILING STAMP ONLY)

ROBERT D. JARCHI, SBN 204168 (rjarchi@gbw.law)
IVAN PUCHALT, SBN 245128 (ipuchalt@gbw.law)

Attorneys for __Plaintiffs__

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

ESTATE OF NORA VASQUEZ ACEBES, by and through its Successor-in-Interest ARLENE ELAMPARO; ARLENE ELAMPARO, an individual; EDGAR ACEBES, an individual; JOCELYN ACEBES, an individual; ARNOLD ACEBES, an individual; ANNA DESHONG, an individual,

Plaintiffs,

vs.

THE RESIDENCES AT ROYAL BELLINGHAM INC.; GLENDA SEACHON, an individual (sued as a nominal defendant); and DOES 1 through 100, inclusive,

Defendants.

CASE NO. 22STCV01705

**COMPLAINT FOR DAMAGES**
1. **Breach of implied warranty of habitability**
2. **Elder Abuse and Neglect (Welfare and Institutions Code §15600, et seq.)**
3. **Negligence/Negligence *Per Se***
4. **Violation of Residents' Bills of Rights (Health and Safety Code §1430(b))**
5. **Wrongful Death**
6. **Concealment**

**DEMAND FOR JURY TRIAL**

**(Amount in Controversy Exceeds $25,000)**

COME NOW the plaintiffs ESTATE OF NORA VASQUEZ ACEBES, by and through its successor-in-interest ARLENE ELAMPARO; ARLENE ELAMPARO, an individual; EDGAR ACEBES, an individual; JOCELYN ACEBES, an individual; ARNOLD ACEBES, an individual; ANNA DESHONG, an individual (hereinafter "Plaintiffs"), and for causes of action against defendants THE RESIDENCES AT ROYAL BELLINGHAM INC.; GLENDA SEACHON, an individual (sued as a nominal defendant) and DOES 1 through 100, inclusive, and each of them, allege as follows:

[1019115]

- 1 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# PARTIES

1. Plaintiff ARLENE ELAMPARO is the natural born child and lawful heir of Decedent NORA VASQUEZ ACEBES (hereinafter referred to at times as "Decedent"). At all times relevant herein, ARLENE ELAMPARO is and was a resident of Riverside County, State of California.

2. Plaintiff EDGAR ACEBES is the natural born child and lawful heir of Decedent NORA VASQUEZ ACEBES (hereinafter referred to at times as "Decedent"). At all times relevant herein, EDGAR ACEBES is and was a resident of Australia.

3. Plaintiff JOCELYN ACEBES is the natural born child and lawful heir of Decedent NORA VASQUEZ ACEBES (hereinafter referred to at times as "Decedent"). At all times relevant herein, JOCELYN ACEBES is and was a resident of Australia.

4. Plaintiff ARNOLD ACEBES is the natural born child and lawful heir of Decedent NORA VASQUEZ ACEBES (hereinafter referred to at times as "Decedent"). At all times relevant herein, ARNOLD ACEBES is and was a resident of Los Angeles County, State of California.

5. Plaintiff ANNA DESHONG is the natural born child and lawful heir of Decedent NORA VASQUEZ ACEBES (hereinafter referred to at times as "Decedent"). At all times relevant herein, ANNA DESHONG is and was a resident of Riverside County, State of California.

6. Nominal defendant GLENDA SEACHON is the natural born child and lawful heir of Decedent NORA VASQUEZ ACEBES (hereinafter referred to at times as "Decedent"). At all times relevant herein, GLENDA SEACHON is and was a resident of Canada. Nominal defendant GLENDA SEACHON's consent was not obtained to be joined as a Plaintiff, and she is therefore named herein as a nominal defendant pursuant to California Code of Civil Procedure § 382.

7. Plaintiff ARLENE ELAMPARO is the Decedent's successor-in-interest pursuant to California Code of Civil Procedure § 377.10 and has declared herself as such as required by California Code of Civil Procedure § 377.32.

8. Defendant THE RESIDENCES AT ROYAL BELLINGHAM INC. (hereinafter "Defendant") is a California Corporation with its principal place of business in the County of Los Angeles, State of California.

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

[1019115]

9. Defendants and DOES 1 through 100, inclusive, were, at all times relevant herein, in the business of providing long-term custodial care as a 24-hour skilled nursing facility as defined in Section 1250(c) of the Health and Safety Code in the County of Los Angeles and owned/controlled said property.

10. THE RESIDENCES AT ROYAL BELLINGHAM INC. is and at relevant times herein was licensed under the Department of Public Health and was therefore subject to the requirements of state law regarding the operation of skilled nursing facilities. In doing the acts alleged herein, THE RESIDENCES AT ROYAL BELLINGHAM INC. acted at the implicit and/or explicit instruction of, and with the express and/or implied authority of the officers, administrators, directors, and operators of THE RESIDENCES AT ROYAL BELLINGHAM INC.

11. Decedent was a resident/tenant of Defendant's property from approximately 2015 through the time of her death in 2021, when she was 88 years old.

12. Plaintiffs are informed and believe and thereupon allege that Defendants DOES 1 through 100, inclusive, were, at all times relevant herein, individuals and/or entities rendering care and services to Decedent and whose conduct caused the injuries and damages alleged herein.

13. The true names and/or capacities, whether individual, corporate, associate or otherwise, of defendants, and each of them, DOES 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs are informed and believe and thereupon allege that each defendant fictitiously named herein as a DOE was legally responsible, negligently, wantonly, recklessly, tortuously, or in some other actionable manner, for the events and happenings, or lack thereof, hereinafter referred to, and thereby proximately caused the injuries and damages to Plaintiffs as hereinafter alleged. Plaintiffs will seek leave of court to amend this Complaint to insert the true names and/or capacities of such fictitiously named defendants when the same have been ascertained.

14. Plaintiffs are informed and believe and thereupon allege that at all times mentioned herein, Defendants, and each of them, including DOES 1 through 100, inclusive, were the agents, servants, employees, alter egos, and/or joint venturers of their codefendants, and were as such acting within the course, scope, and authority of said agency, servancy, employment, alter ego, and/or joint

venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as an agent, servant, employee, alter ego, and/or joint venture, and that each and every defendant has ratified and approved the acts of his or her agents, servants, employees, alter egos, and/or joint venturers by and through its officers, directors, and/or managing agents.

15.   THE RESIDENCES AT ROYAL BELLINGHAM INC. and DOES 1 through 100, inclusive, will hereafter be collectively referred to as "Defendants".

## GENERAL ALLEGATIONS

16.   Under the provisions of Welfare and Institution Code section 15610.27, while a resident/tenant at Defendant's facility NORA VASQUEZ ACEBES was at all times mentioned an elder adult, and Defendant was a caretaker in a trust relationship as defined in Welf. & Inst. Code section 15610.17. As a resident/tenant at Defendant's facility, NORA VASQUEZ ACEBES required extensive assistance with her activities of daily living. NORA VASQUEZ ACEBES was dependent on Defendant and DOES 1-100, and each of them, for her most basic needs, including mobility, nutrition, hydration, hygiene, and personal care.

17.   Plaintiffs are informed and believe and thereupon allege that prior to January of 2021, while NORA VASQUEZ ACEBES was a resident/tenant of Defendant's facility, she received substandard care with respect to her nourishment and general treatment.  Further, that at this time cases of COVID-19 were present at Defendant's facility and that Defendant knew or should have known that COVID-19 was present in Defendant's facility.

18.   The above-entitled action is not based upon the purposeful allocation or administration of a Covered Countermeasure, as that term is defined in the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d and 247d-6e (the "PREP Act").  Rather, it is based on the recklessness and neglect of Defendants in the operation of their facility, and in their care of the Decedent, as described herein.

19.   On or about January 6, 2021, while under care and treatment of Defendants, NORA VASQUEZ ACEBES tested positive for Covid-19.

20. On or about January 6, 2021, Defendant transferred NORA VASQUEZ ACEBES to Providence St. Joseph Medical Center for treatment.

21. While at Providence St. Joseph Medical Center, NORA VASQUEZ ACEBES' condition deteriorated rapidly and passed away on January 18, 2021 as a result of her deteriorated medical condition caused by defendants' conduct.

22. Because NORA VASQUEZ ACEBES was a resident/tenant of Defendants' facility, Defendants and each of them, had a duty under state laws, designed for the protection and benefit of residents like NORA VASQUEZ ACEBES to provide her with twenty-four-hour custodial care, supervision, and a safe home. Defendant's duties included, but were not limited to:

(a) Follow, implement, and adhere to all physicians' orders, pursuant to California Code of Regulations, Title 22, § 72301;

(b) Accurately monitor and record NORA VASQUEZ ACEBES' condition and report changes to her doctor and family, pursuant to California Code of Regulations, Title 22, § 72307;

(c) Maintain accurate records of NORA VASQUEZ ACEBES' condition and treatment, pursuant to the California Code of Regulations, Title 22, §§ 72311 and 72543;

(d) Accord NORA VASQUEZ ACEBES with dignity and respect, and not subject her to abuse or neglect, pursuant to California Code of Regulations, Title 22, § 72315(b);

(e) Maintain nursing and other staffing at levels necessary to meet the needs of NORA VASQUEZ ACEBES, pursuant to California Code of Regulations, Title 22, § 72329;

(f) Follow skilled nursing care standards to maximize the health, safety, and well-being of NORA VASQUEZ ACEBES, pursuant to California Code of Regulations, Title 22, § 72100, et seq.;

(g) Ensure that NORA VASQUEZ ACEBES was free from unnecessary hazards, pursuant to California Code of Regulations, Title 22, § 72637;

(h) Ensure that NORA VASQUEZ ACEBES was free from physical abuse and neglect, pursuant to California Code of Regulations, Title 22, § 72527(a)(9);

(i) Ensure the implementation of the means for protecting the health and safety of NORA VASQUEZ ACEBES.

23. Plaintiffs are informed and believe and thereupon allege that each and all of the acts and omissions alleged herein were performed by, or are attributable to, all Defendants, each acting as the agent for the other, with legal authority to act on the other's behalf.

24. At all times mentioned herein, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times mentioned herein, the Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

25. That in instructing, directing, and mandating the activities alleged herein, doing the acts or omissions alleged herein, Defendants and their officers, directors, and/or employees, knew or in the exercise of reasonable caution should have known, that they were violating state regulations in the operation of skilled nursing facilities in the State of California.

26. Further, Defendants and their officers, directors, and/or employees, made a conscious and purposeful decision to ignore and violate state regulations governing the operation of a skilled nursing facility for the sole and express purpose of maximizing profit and corresponding bonuses to these individuals and others in management positions.

27. The Defendants, by and through their officers, directors, and/or employees, were fully aware that their conduct and practice of maximizing profit at the expense of the legally mandated care to be provided to an elder in a skilled nursing facility in the State of California, would and did in fact injure elders, including NORA VASQUEZ ACEBES.

28. Despite this knowledge, Defendants and their officers, directors, and/or employees, directed said course of conduct with a callous indifference to the pain and suffering they were, and are, inflicting upon elders, including NORA VASQUEZ ACEBES.

29. At all times relevant to this action, Defendants had the care and custody of NORA VASQUEZ ACEBES in that she resided at Defendant's facility on a 24-hour basis as a total care patient and as such were "Care Custodians" as defined in the California Welf. & Inst. Code.

30. In owning, operating, managing, and/or supervising Defendant's facility, Defendants, and each of them, held themselves out to the general public, and NORA VASQUEZ ACEBES, in particular, as being in compliance with all applicable state laws and regulations.

31. At all times mentioned herein, Defendants, and each of them, were responsible for the care, custody, safety, and well-being of NORA VASQUEZ ACEBES who was a patient of Defendants. Upon information and belief, it is alleged that the acts of Defendants, and each of them, were a substantial factor in causing personal injury, emotional distress, and economic damages to Plaintiffs herein, as well as the death of NORA VASQUEZ ACEBES.

## FIRST CAUSE OF ACTION

### (BREACH OF IMPLIED WARRANTY OF HABITABILITY

**As Against THE RESIDENCES AT ROYAL BELLINGHAM INC., and DOES 1 through 100, inclusive)**

32. Plaintiffs incorporates by reference each and every allegation contained in preceding and foregoing paragraphs as though fully set forth herein.

33. Prior to decedent entering Defendants' facility as a resident/tenant, all Defendants, including DOES 1 through 100, impliedly warranted that the premises were habitable. At all relevant times, Plaintiffs/decedent continued to make payments to be a resident/tenant of the facility.

34. Defendants, including DOES 1-100, and each of them were made aware of the dangerous conditions on the subject property as alleged herein, including but not limited to the danger and presence of COVID-19, and although Defendants had sufficient time to make the premises safe, Defendants failed to take any action to make the premises safe.

35. As a proximate result of Defendants, including DOES 1-100, breach of their implied warranty of habitability and their failure to take any corrective action, decedent died, and Plaintiffs seek damages as set forth herein. Furthermore, Plaintiffs seek damages for payments made to Defendants to be a resident/tenant of the facility during all times Defendants breached the warranty of habitability.

///
///
///
///

## SECOND CAUSE OF ACTION

## ELDER ABUSE AND NEGLECT

## [WELFARE & INSTITUTION CODE § 15600 *et seq*]

## (As Against THE RESIDENCES AT ROYAL BELLINGHAM INC., and DOES 1 through 100, inclusive)

36. Plaintiffs hereby reallege and incorporate by reference each and every preceding paragraph as though fully set forth herein.

37. Upon information and belief, Defendants, acted with reckless neglect and disregard towards Decedent NORA VASQUEZ ACEBES.

38. At all times mentioned herein, Decedent was a member of the class of persons intended to be protected by the Elder Abuse and Dependent Adult Civil Protection Act (Welfare and Institutions Code § 15600 *et seq*).

39. At all times mentioned herein, Defendants owned, operated, managed and/or worked at a skilled nursing and long-term care facility as defined in Welf. & Inst. Code § 15610.47, health practitioners as defined in Welf. & Inst. Code § 15610.37, and/or care custodians as defined in Welf & Inst. Code § 15610.17.

40. Decedent was a resident/tenant/patient of Defendants and the staff, physicians, employees, and agents thereof and was under the care of Defendants. During the time that Decedent was a resident/tenant/patient of Defendants, Defendants were entrusted with care and/or custodian care of Decedent, and thus Defendants owed Decedent a duty of care pursuant to common law as licensed healthcare providers and/or had specific duties under state regulations, which were designated by the legislature to provide for the safety of residents/patients, including Decedent.

41. Defendants continually, willfully, and recklessly breached their duties to Decedent. These acts and omissions by the Defendants resulted in Decedent becoming ill, as well as other harms including contracting a COVID-19 infection, all of which contributed to decedent's death. Specifically, the general neglect of decedent, as well as the separate failure to take measures to protect decedent from contracting Covid-19, were all contributing factors in causing decedent's

demise. In particular, and without limiting the generality of the foregoing, Defendants acted with conscious disregard to Decedent's rights, health, and safety, and failed to:

    (a)    Ensure Decedent was not subject to acts of neglect;

    (b)    Ensure the premises of Defendants were in a non-dangerous condition, free of hazards and/or potential harms;

    (c)    Recklessly concealing from Plaintiffs the neglect and reckless endangerment of Decedent;

    (d)    Provide Decedent medical treatment;

    (e)    Follow, implement, and adhere to all guidelines on how to protect and treat Decedent in light of the risk of COVID-19;

    (f)    Accurately monitor and record Decedent's condition and to report changes to her doctor, family and/or decedent's legal representative;

    (g)    Timely initiate emergency corrective treatment in light of Decedent's obvious medical distress and high-risk of future distress;

    (h)    Provide care in a non-negligent manner;

    (i)    Provide staff with adequate training;

    (j)    Isolate suspected or identified COVID-19 carriers from staff or residents;

    (k)    Disclose known or suspected COVID-19 carriers to staff and/or residents and their families;

    (l)    Take precautions to ensure that Decedent did not contract COVID-19;

    (m)    Ensure Decedent was not cohabitating in the same room with persons infected with Covid-19;

    (n)    Failed to keep sufficient staffing levels;

    (o)    Defendants allowed Decedent to contract Covid-19 at Defendant's facility as a result of the allegations set forth herein.

    42.    The acts and/or omissions of Defendants, as stated above, were reckless and done in conscious disregard for the rights and safety of Decedent in light of their failure to recognize that Decedent was being subject to these acts of reckless neglect.

43. As a direct and proximate result of the conduct of Defendants, Plaintiffs were compelled to and did employ the services of hospitals, physicians, surgeons, nurses, and the like to care for and treat Decedent, and did incur hospital, medical, professional, and incidental expenses, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

44. As a direct and proximate cause of the Defendants' conduct, Plaintiffs sustained the loss of love, affection, society, service, assistance, protection, comfort, support, right of support, expectations of future support and counseling, companionship, solace, and moral support, as well as other benefits and assistance NORA VASQUEZ ACEBES, all to their general damage in a sum in excess of $50,000.00, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

45. As a direct and proximate result of the Defendants' conduct, Plaintiffs have incurred funeral and burial expenses in an amount to be stated at the time of trial.

46. As a direct and proximate result of the Defendants' conduct, which was carried out with oppression, fraud by concealment, malice and recklessness, Plaintiffs are entitled to enhanced remedies, including attorney's fees, costs, the pre-death pain and suffering and disfigurement of NORA VASQUEZ ACEBES (including but not limited pursuant to California Code of Civil Procedure section 377.34(b)), and punitive damages.

### THIRD CAUSE OF ACTION
### NEGLIGENCE/NEGLIGENCE *PER SE*
### (As Against THE RESIDENCES AT ROYAL BELLINGHAM INC., and DOES 1 through 100, inclusive)

47. Plaintiffs hereby reallege and incorporate by reference each and every preceding paragraph as if fully set forth herein.

48. Defendants, by and through their management, agents, and employees, were charged with the care and custody of Decedent, an elder and dependent adult suffering from physical limitations and mental disease.

49. Defendants were under a statutory duty to exercise reasonable care to provide assistance and prevent harm to Decedent and to comply with all applicable state laws and regulations governing skilled nursing facilities in California, including but not limited to:

    (a)    Cal Health & Safety Code § 1279.6 (safety plan);

    (b)    Cal Health & Safety Code § 1337.1 (adequate training);

    (c)    Cal Health & Safety Code § 1599.1(a) (adequate and qualified staff);

    (d)    22 CCR § 72311 (care plan and prompt reporting);

    (e)    22 CCR § 72315 (required services);

    (f)    22 CCR § 72329(a) and 75210(e) (adequate staffing);

    (g)    22 CCR § 72517 (adequate training);

    (h)    22 CCR § 72523 (adequate policies and procedures);

    (i)    22 CCR § 72527(a)(11) (respect, dignity, and without abuse);

    (j)    22 CCR § 72537 (reporting of communicable diseases);

    (k)    22 CCR § 72539 (reporting of outbreaks); and

    (l)    22 CCR § 72541 (reporting of unusual occurrences).

50. Defendants continually, willfully, and recklessly breached their duties to Decedent by, among other acts and omissions, violating these laws and regulations. These acts and omissions by the Defendants were a contributing factor in Decedent's severe injury, illness, and ultimate death.

51. As a direct and proximate result of Defendants' conduct, Plaintiffs were compelled to and did employ the services of hospitals, physicians, surgeons, nurses, and the like to care for and treat Decedent, and did incur hospital, medical, professional, and incidental expenses, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

52. As a direct and proximate cause of Defendants' conduct, Plaintiffs sustained the loss of love, affection, society, service, assistance, protection, comfort, support, right of support, expectations of future support and counseling, companionship, solace, and moral support, as well as other benefits and assistance, of NORA VASQUEZ ACEBES, as well as the pre-death pain and suffering and disfigurement of NORA VASQUEZ ACEBES (including but not limited pursuant to

California Code of Civil Procedure section 377.34(b)), and punitive damages, all to their general damage in a sum in excess of $50,000.00, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

53. As a direct and proximate result of Defendants' conduct, Plaintiffs have incurred funeral and burial expenses in an amount to be stated at the time of trial.

### FOURTH CAUSE OF ACTION
### VIOLATION OF PATIENTS' BILL OF RIGHTS
### [HEALTH & SAFETY CODE § 1430(b)]
**(As Against THE RESIDENCES AT ROYAL BELLINGHAM INC., and DOES 1 through 100, inclusive)**

54. Plaintiffs hereby reallege and incorporate by reference each and every preceding paragraph as if fully set forth herein.

55. From the time that Decedent was first admitted into Defendants' facility, Defendants, by and through their management, agents, and employees, were charged with the care and custody of Decedent, an elder and dependent adult suffering from physical and mental limitations.

56. Defendants owed a duty to Decedent to ensure that Decedent's patient rights were not violated. (California Health and Safety Code § 1430(b).) Decedent's patient rights are established in section 72527 of Title 22 of the California Code of Regulation. These patient rights include, but are not limited to:

 (a) To be free from mental and physical abuse;

 (b) To be treated with consideration, respect and full recognition of dignity; and

 (c) That a facility provide an adequate number of qualified personnel to carry out all functions of the facility.

57. Defendants violated the above referenced rights when Defendants failed to provide medical measures. In particular, and without limited to generality of the foregoing, Defendants violated Decedent's rights when they failed to:

 (a) Ensure Decedent was not subject to acts of neglect;

(b) Ensure the premises of the facility were in a non-dangerous condition, free of hazards and/or potential harms;

(c) Recklessly concealing from Plaintiffs the neglect and reckless endangerment of Decedent;

(d) Provide Decedent medical treatment;

(e) Follow, implement, and adhere to guidelines on how to treat Decedent in light of the risk of COVID-19;

(f) Accurately monitor and record Decedent's condition and to report changes to her doctor and her legal representative;

(g) Timely initiate emergency corrective treatment in light of Decedent's obvious medical distress and high-risk of future distress;

(h) Provide care in a non-negligent manner.

58. As a direct and proximate result of the breach of these duties by Defendants, NORA VASQUEZ ACEBES suffered personal injury, emotional pain, suffering, and death.

59. As a direct and proximate result of the conduct of Defendants, Plaintiffs were compelled to and did employ the services of hospitals, physicians, surgeons, nurses, and the like to care for and treat Decedent, and did incur hospital, medical, professional, and incidental expenses, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

60. As a direct and proximate cause of the conduct of Defendants, Plaintiffs sustained the loss of love, affection, society, service, assistance, protection, comfort, support, right of support, expectations of future support and counseling, companionship, solace, and moral support, as well as other benefits and assistance, of NORA VASQUEZ ACEBES, as well as the pre-death pain and suffering and disfigurement of NORA VASQUEZ ACEBES (including but not limited pursuant to California Code of Civil Procedure section 377.34(b)), and punitive damages, all to their general damage in a sum in excess of $50,000.00, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

61. As a direct and proximate result of the conduct of Defendants, Plaintiffs have incurred funeral and burial expenses in an amount to be stated at the time of trial.

62. Because the aforementioned conduct of the Defendants were carried out in a deliberate, cold, callous, and intentional manner in order to injure and damage Decedent or, in the alternative, was despicable conduct carried on with a willful and conscious disregard for the rights and safety of others and subjected Decedent to cruel and unjust hardship in conscious disregard for her rights, Plaintiffs request the assessment of punitive damages against Defendants in an amount according to proof.

63. Also due to the aforementioned conduct of the Defendants which was carried out in a deliberate, cold, callous, and intentional manner in order to injure and damage decedent, Plaintiffs also are entitled to attorney's fees and costs, as well as decedent's pain and suffering prior to her death.

## FIFTH CAUSE OF ACTION

## WRONGFUL DEATH

**(As Against THE RESIDENCES AT ROYAL BELLINGHAM INC., and DOES 1 through 100, inclusive)**

64. Plaintiffs hereby reallege and incorporate by reference each and every preceding paragraph as if fully set forth herein.

65. Decedent NORA VASQUEZ ACEBES died on January 18, 2021, as an ultimate result of the acts and omissions of the Defendants as set forth above.

66. Defendants owed duties to protect Decedent from the abuse and neglect alleged herein, as aforesaid, which ultimately caused Decedent's death. However, Defendants breached those duties by failing to prevent Decedent from contracting and becoming ill, ultimately leading to her death.

67. The breaches of Defendants caused injury and death to Decedent. Decedent would not have suffered death but for the conduct and breaches of duty of Defendants.

68. As a direct and proximate cause of the conduct of Defendants, Plaintiffs sustained the loss of love, affection, society, service, assistance, protection, comfort, support, right of support, expectations of future support and counseling, companionship, solace, and moral support, as well as other benefits and assistance, of NORA VASQUEZ ACEBES, as well as the pre-death pain and suffering and disfigurement of NORA VASQUEZ ACEBES (including but not limited pursuant to California Code of Civil Procedure section 377.34(b)), and punitive damages, all to their general damage in a sum in excess of $50,000.00, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

69. As a direct and proximate result of the conduct of Defendants, Plaintiffs have incurred funeral and burial expenses in an amount to be stated at the time of trial.

## SIXTH CAUSE OF ACTION

## CONCEALMENT

### (As Against THE RESIDENCES AT ROYAL BELLINGHAM INC., and DOES 1 through 100, inclusive)

70. Plaintiffs incorporate herein by reference all of the prior allegations as set forth in detail, above.

71. During the various time frames identified herein, decedent NORA VASQUEZ ACEBES was a resident/tenant at Defendant's facility and was treated by various staff, physicians and healthcare providers at Defendant's facility, and as such, a fiduciary relationship was formed between plaintiffs and/or plaintiffs' decedent with defendants herein, and each of them. As such, defendants were under a fiduciary duty to disclose material facts related to the status of the health and well-being of NORA VASQUEZ ACEBES including but not limited to whether NORA VASQUEZ ACEBES had been exposed to and/or contracted COVID-19 while at Defendant's facility, or was being exposed to an unreasonable risk of harm based on exposure to infected residents and staff, or whether she was otherwise physically ill.

72. Plaintiffs are informed and believe, and thereon allege, that defendants and each of them failed to disclose, concealed and/or suppressed critical and important facts NORA VASQUEZ

ACEBES' health, safety and overall well-being, including but not limited to NORA VASQUEZ ACEBES' being exposed to an unreasonable risk of harm based on exposure to infected residents and staff and exposure to and/or contracting of COVID-19 within Defendant's facility.

73. Defendants, and each of them, repeatedly concealed material and critical facts from Plaintiffs about the spread and prevalence of the COVID-19 virus within the facility, as well as the lack of precautions being taken to keep NORA VASQUEZ ACEBES safe from infection.

74. Defendants, and each of them, provided Plaintiffs with the assurances of NORA VASQUEZ ACEBES' health, including that NORA VASQUEZ ACEBES was in a safe environment where every precaution was being taken to eliminate the risk of harm from COVID-19, and that she had not been exposed to and/or contracted COVID-19, however, at the same time defendants knew that such assurances were untrue and that NORA VASQUEZ ACEBES had been exposed to and/or contracted COVID-19 and/or was being recklessly exposed to risk of harm.

75. At the time of these failures to disclose and concealment of critical and material facts, plaintiffs were ignorant of the existence of the facts that defendants concealed and failed to disclose. If plaintiffs or NORA VASQUEZ ACEBES had been aware of the existence of the facts concealed by defendants, particularly that NORA VASQUEZ ACEBES was being recklessly exposed to the virus through other infected residents and staff, and/or that she was exposed to and/or contracted COVID-19 at Defendant's facility, plaintiffs' decedent would not have continued as a resident/tenant and patient at Defendant's facility and would have sought residence as well as medical treatment and care elsewhere. Such reliance by plaintiff or plaintiffs' decedent was justified given the fact that Defendant's facility included physicians and/or staff members who purported to have specialized skills in administering the care and treatment to decedent and others such as decedent. In addition, based on the special and fiduciary relationship created, the defendants were under a duty to disclose relevant facts concerning plaintiffs' decedent's medical condition and treatment.

76. As a proximate result of defendants' acts of concealment and suppression of critical and material information, Plaintiff did not remove NORA VASQUEZ ACEBES from Defendant's

facility, resulting in NORA VASQUEZ ACEBES becoming exposed to and ultimately infected with COVID-19 and subsequently succumbing to her injuries.

77. As a proximate result of defendants' acts of concealment and suppression of critical and material information, plaintiffs have suffered damages as alleged herein.

78. As a direct and proximate result of the above-described conduct of defendants, which caused the deaths of decedent, plaintiff has sustained the loss of love, affection, society, service, comfort, support, right of support, expectations of future support, and counseling, companionship, solace and mental support, as well as other benefits and assistance, of the decedent, as well as the pre-death pain and suffering and disfigurement of NORA VASQUEZ ACEBES (including but not limited pursuant to California Code of Civil Procedure section 377.34(b)), and punitive damages, all to the general and special damage in a sum in excess of the jurisdictional limits of this Court, which will be stated according to proof, in accordance with Section 425.10 of the California Code of Civil Procedure.

79. As a further direct and proximate result of the above-described conduct of the defendants, plaintiffs have incurred medical, funeral, and/or burial expenses in an amount to be stated according to proof, pursuant to Section 425.10 of the California Code of Civil Procedure.

80. The concealment by the defendants, and each of them, was made in the course of the advice, care and treatment given to NORA VASQUEZ ACEBES and was a substantial factor in causing all of the damages alleged herein.

81. Because the aforementioned conduct of the Defendants were carried out in a deliberate, cold, callous, and intentional manner in order to injure and damage Decedent or, in the alternative, was despicable conduct carried on with a willful and conscious disregard for the rights and safety of others and subjected Decedent to cruel and unjust hardship in conscious disregard for her rights, Plaintiffs request the assessment of punitive damages against Defendants in an amount according to proof.

82. Also due to the aforementioned conduct of the Defendants which was carried out in a deliberate, cold, callous, and intentional manner in order to injure and damage decedent, Plaintiffs

also are entitled to attorney's fees and costs, as well as decedent's pain and suffering prior to her death.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For special damages according to proof;
2. For general damages according to proof;
3. For costs of suit and attorneys' fees herein incurred pursuant to Welf. & Inst. Code §15657 *et seq*;
4. For pre-judgment and post-judgment interest, if any, incurred;
5. For reimbursement of medical expenses;
6. For reimbursement of funeral and burial expenses;
7. For the pre-death pain and suffering of decedent NORA VASQUEZ ACEBES;
8. For pre-death pain, suffering, and disfigurement of decedent NORA VASQUEZ ACEBES according to proof pursuant to California Code of Civil Procedure § 377.34;
9. For punitive damages; and
10. For such other and further relief as the Court may deem proper.

DATED: January 14, 2022

GREENE BROILLET & WHEELER, LLP

_____
Robert D. Jarchi, Esq.
Ivan Puchalt, Esq.
Attorneys for Plaintiffs

GREENE BROILLET & WHEELER, LLP
P.O. BOX 955
EL SEGUNDO, CA 90245

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury of all causes of action.

DATED: January 14, 2022

GREENE BROILLET & WHEELER, LLP

Robert D. Jarchi, Esq.
Ivan Puchalt, Esq.
Attorneys for Plaintiffs