

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-06936-JLS-JC                                    Date: November 09, 2022
Title: Estate of Nora Vasquez Acebes et al v. The Residences at Royal Bellingham Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V.R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                  Not Present

**PROCEEDINGS:** **(IN CHAMBERS) ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT, CASE NO. 22STCV01705**

Before the Court are the parties' papers filed in response to the Court's Order to Show Cause Why This Case Should Not Be Remanded to State Court (OSC, Doc. 7). (Defs.' Response, Doc. 11; Plaintiffs' Response, Doc. 14; Defs.' Reply, Doc. 15.)  For the following reasons, the Court REMANDS this action to Los Angeles County Superior Court, Case No. 22STCV01705.

## I.     BACKGROUND

### A.  Factual Background

Plaintiffs' elderly mother, Nora Vasquez Acebes, was a resident of The Residences at Royal Bellingham ("Royal Bellingham"), a California licensed residential care facility for the elderly.  (First Amended Complaint ("FAC") ¶¶ 1–5, 11, 22, Doc. 2-2; Defs.' Response at 3.)  According to Plaintiffs, her death resulted from Royal Bellingham's negligent, reckless, or willful conduct in the care rendered to her during the COVID-19 pandemic.  (FAC ¶¶ 51, 58–59.)

### B.  Procedural Background

On January 14, 2022, Plaintiffs Arlene Elamparo, Edgar Acebes, Jocelyn Acebes, Arnold Acebes, and Anna Deshong filed this action against The Residences at Royal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06936-JLS-JC                                                           Date: November 09, 2022
Title:  Estate of Nora Vasquez Acebes et al v. The Residences at Royal Bellingham Inc.

Bellingham, Inc., Glenda Seachon, and Does 1 through 100 (collectively, "Defendants") on their own behalf and as successors-in-interest to Nora Vasquez Acebes.  (Notice of Removal ¶ 1, Doc. 2; Complaint ¶¶ 1–7, Doc. 2-1.)  Plaintiffs filed a First Amended Complaint on August 31, 2022.  (Notice of Removal ¶ 3; FAC.)  Plaintiffs allege the following state-law claims: (1) breach of implied warranty of habitability; (2) elder abuse and neglect, Cal. Welf. & Inst. Code §§ 15600 *et seq*.; (3) negligence per se based on failure to comply with California laws and regulations; (4) wrongful death; and (5) concealment.  (FAC ¶¶ 32–74.)  Plaintiffs seek to recover general, special, and punitive damages, attorneys' fees and interest, and costs of suit.  (FAC at 17.)

On September 27, 2022, Defendants removed this action to this Court pursuant to 28 U.S.C. § 1441(a).  (Notice of Removal ¶ 3.)  In their Notice of Removal, Defendants assert that the Court has jurisdiction over this action under 28 U.S.C. § 1331 on two grounds: (1) the Public Readiness and Emergency Preparedness Act (the "PREP Act" or "Act") completely preempts Plaintiffs' state-law causes of action; and (2) federal officer jurisdiction applies.  (*Id.* ¶¶ 3–54.)

On October 3, 2022, the Court issued an Order to Show Cause Why This Case Should Not Be Remanded to State Court.  (OSC, Doc. 7.)  On October 10, 2022, Defendants timely responded.  (Defs.' Response, Doc. 11.)  On October 14, 2022, the Court issued another Order requesting further briefing from the parties on whether federal subject-matter jurisdiction exists here.  (Order for Supp'l Briefing, Doc. 12.)  Plaintiffs and Defendants timely responded to that order.  (Plaintiffs' Response, Doc. 14; Defs.' Reply, Doc. 15.)

**II.    LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (cleaned up).  Civil actions may be removed from state court if the federal court has original jurisdiction.  *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the party seeking

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06936-JLS-JC                                                          Date: November 09, 2022
Title:  Estate of Nora Vasquez Acebes et al v. The Residences at Royal Bellingham Inc.

removal] must demonstrate that … original subject-matter jurisdiction must lie in the federal courts."). Courts resolve all ambiguities "in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Removal of a state action may be based on either diversity or federal question jurisdiction. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction. *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1106–7 (9th Cir. 2010).

To determine whether an action involves a federal question, "a [district] court applies the well-pleaded complaint rule." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009) (cleaned up). This rule provides that federal jurisdiction exists only when a "federal question is presented on the face of the plaintiff's properly pleaded complaint." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014) (cleaned up). As a result, a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.'" *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)). Therefore, a "plaintiff can generally 'avoid federal jurisdiction by exclusive reliance on state law.'" *City of Oakland v. BP PLC*, 969 F.3d 895, 904 (9th Cir. 2020) (quoting *Caterpillar*, 482 U.S. at 392).

### III.   DISCUSSION

#### A.  *Saldana* Determines Federal Subject-Matter Jurisdiction Here

This case closely parallels the issues in *Saldana v. Glenhaven Healthcare, LLC*, a recent Ninth Circuit case analyzing whether the PREP Act qualifies as a complete preemption statute. 27 F.4th 679 (9th Cir. 2022). *Saldana*'s facts are similar to those

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-06936-JLS-JC                                Date: November 09, 2022
Title: Estate of Nora Vasquez Acebes et al v. The Residences at Royal Bellingham Inc.

presented here: relatives of a deceased resident of a skilled nursing facility sued the facility in California state court for elder abuse, willful misconduct, custodial negligence, and wrongful death. *Id.* at 683. The facility removed the case to federal court arguing that the district court had three grounds for federal jurisdiction: federal officer removal, complete preemption of state law, and the presence of an embedded federal question. *Id.* Upon review of the PREP Act, the Ninth Circuit held that the Act is not a complete preemption statute and that the facility was not entitled to removal on any of its cited bases. *See id.* at 683–89.

Indeed, several post-*Saldana* Ninth Circuit district court cases have similarly held that the PREP Act is not a complete preemption statute and that federal officer jurisdiction is absent in cases of this sort. *See, e.g.*, *Sigala by & through Sigala v. Oxnard Manor, LP*, 2022 WL 2315778 (C.D. Cal. June 27, 2022); *Branch v. Lilac Holdings, LLC*, 2022 WL 1184358 (S.D. Cal. Apr. 21, 2022); *Aguilera-Cubitt v. AG Seal Beach, LLC*, 2022 WL 1171028 (C.D. Cal. Apr. 20, 2022); *Kovacs v. MEK Norwood Pines, LLC*, 2022 WL 1129269 (E.D. Cal. Apr. 15, 2022).

Defendants do not dispute that this Court is bound to follow *Saldana*, but they argue that *Saldana* is distinguishable on the following grounds: first, unlike the defendant in *Saldana*, Royal Bellingham is not a skilled nursing facility, but a licensed residential care facility; second, Plaintiffs do not allege that their mother died at Royal Bellingham, but after she was transferred to Providence St. Joseph Medical Center. (Defs.' Response at 3–4, citing FAC ¶¶ 19–21.) According to Defendants, these distinctions matter because, unlike in *Saldana*, Plaintiffs here do not allege that Defendants are liable for misconduct relating to the negligent provision of medical care or treatment, but focus on Royal Bellingham's conscious or willful failure to protect their mother from being infected with COVID-19. (Defs.' Response at 4.) Unlike the allegations in *Saldana*, Defendants contend, Plaintiffs' allegations here fall squarely within the PREP Act's definition of "willful misconduct" and are therefore preempted by the Act. (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06936-JLS-JC                                         Date: November 09, 2022
Title:  Estate of Nora Vasquez Acebes et al v. The Residences at Royal Bellingham Inc.

For the reasons set forth below, the Court concludes that the differences between the facts here and the facts in *Saldana* are immaterial to whether the Court has subject-matter jurisdiction over this action.[1]

### B. The PREP Act Does Not Confer Complete Preemption

According to Defendants, removal is proper because at least some of Plaintiffs' claims are completely preempted by the PREP Act, 42 U.S.C. §§ 247d-6d, 257d-6e. (Notice of Removal ¶¶ 11–40; Defs.' Response at 2–5; Defs.' Reply at 2–6.)

The complete preemption doctrine is an "independent corollary to the well-pleaded complaint rule." *Retail Prop. Tr.*, 768 F.3d at 947 (cleaned up).  The doctrine "posits that there are some federal statutes that have such 'extraordinary pre-emptive power' that they 'convert[] an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).  "'When a plaintiff raises such a completely preempted state-law claim in his complaint, a court is obligated to construe the complaint as raising a federal claim and therefore arising under federal law.'"  *Id.* (quoting *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 272 (2d Cir. 2005)).  Like the well-pleaded complaint rule, complete preemption is "applicable to removal jurisdiction only; it is not a doctrine of defensive preemption." *Id.*

The complete preemption doctrine, however, rarely applies.  It arises only in "extraordinary situations" where Congress has "manifested an intent to convert state-law claims into federal question claims." *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir.1993) (citations omitted).  To date, the Supreme Court has identified only three sufficiently "extraordinary" statutes: (1) Section 301 of the Labor Management Relations

---

[1] Although Defendants' Notice of Removal also invoked federal officer jurisdiction, they did not argue that basis in their response to the Court's Order to Show Cause.  Similarly, their removal notice did not assert an "embedded" federal question in Plaintiffs' claims.  In any event, *Saldana* clearly rejected such grounds for federal jurisdiction, *see Saldana,* 27 F.4th at 683–86, 688, and the Court need not address those grounds here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-06936-JLS-JC  Date: November 09, 2022
Title: Estate of Nora Vasquez Acebes et al v. The Residences at Royal Bellingham Inc.

Act, 29 U.S.C. § 185; (2) Section 502(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a); and (3) Sections 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85, 86. *City of Oakland*, 969 F.3d at 905–6. Accordingly, the Ninth Circuit applies a two-step test to determine whether complete preemption "for the purposes of federal jurisdiction under [section] 1331 exists": (1) "when Congress intended to displace a state-law cause of action;" and (2) "provided a substitute cause of action" (the "*City of Oakland* Test"). *Id.* at 905 (citing *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018)).

### i. The PREP Act

Before the Court can determine whether complete preemption applies here, a brief summary of the PREP Act is appropriate. Passed in 2005, the Act states that "a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." 42 U.S.C. § 247d-6d(a)(1). "Covered person" is defined, in part, as "a program planner or qualified person with respect to the administration or use of [a] covered countermeasure." 42 U.S.C. § 247d-6d(i)(2). "Covered countermeasures" include "qualified pandemic or epidemic product," drugs, biological products, or devices. *Id.* §§ 247d-6d(i)(1)(A)–(D).

There is an exception to the Act's immunity. Section 247d-6(d)(1) provides that there is an "exclusive Federal cause of action against a covered person for death or serious physical injury proximately caused by willful misconduct [of a] covered person." *Id.* § 247d-6(d)(1). Such an action may only be "filed and maintained only in the United States District Court for the District of Columbia." *Id.* § 247d-6(e)(1).

The Act is invoked when the Secretary of Health and Human Services "makes a determination that a disease or other health condition or other threat to health constitutes a public health emergency, or that there is a credible risk that the disease, condition, or threat may in the future constitute such an emergency." *Id.* § 247d-6d(b)(1). "The Secretary controls the scope of immunity through the declaration and amendments,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06936-JLS-JC                                                    Date: November 09, 2022
Title:  Estate of Nora Vasquez Acebes et al v. The Residences at Royal Bellingham Inc.

within the confines of the PREP Act." *Saldana*, 27 F.4th at 687 (citing *Maglioli v. Alliance HC Holdings, LLC*, 16 F.4th 393, 401 (3d Cir. 2021)).  Further, the Act includes a Covered Countermeasure Process Fund that exists to compensate "eligible individuals for covered injuries directly caused by the administration or use of a covered countermeasure pursuant to such declaration." *Id.* § 247d-6e(a).

Where applicable, the PREP Act preempts state laws that create different standards regarding covered countermeasures.  States and localities may not create or enforce legal requirements that deviate from the Act's provisions or relate to the use or administration of any of the covered countermeasures.  42 U.S.C. § 247d-6d(b)(8).

In March 2020, the Secretary issued a declaration for the COVID-19 pandemic.  *See Saldana*, 27 F.4th at 687.  "The declaration provided immunity for covered persons for the use of covered measures, including 'any antiviral, any other drug, any biologic, any diagnostic, any other device, or any vaccine, used to treat, diagnose, cure, prevent, or mitigate COVID-19.'"  *Id.* (quoting Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15,198, 15,202 (Mar. 17, 2020)).  The Secretary has issued further amended declarations throughout the pandemic.  *Id*.

### ii.    The Plain Meaning of the PREP Act Does Not Imply Preemption

In *Saldana*, the Ninth Circuit held that the PREP Act failed to satisfy the *City of Oakland* Test.  27 F.4th at 687–88.  Under the first prong, which looks to the text of the statute, the Ninth Circuit held that Congress intended a federal claim only "for willful misconduct and not claims for negligence and recklessness." *Id.* at 688 (citing 42 U.S.C. § 247d-6d(c)(1)).  Under the second prong, the Ninth Circuit concluded that the administrative compensation provided by the Covered Compensation fund does not qualify as a substitute cause of action.  *Id.*  The Ninth Circuit held, therefore, that "the PREP Act is not a complete preemption statute." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-06936-JLS-JC                                                  Date: November 09, 2022
Title: Estate of Nora Vasquez Acebes et al v. The Residences at Royal Bellingham Inc.

      The advisory opinions from the Department of Health and Human Services ("HHS") that Defendants cite in their Notice of Removal do not assist them. (Notice of Removal Exs. C, D, E, Doc. 2.) Although those opinions characterize the PREP Act as a complete preemption statute, the Ninth Circuit declined to afford them any deference and held that they were "not a sufficient basis to establish complete preemption and thus federal jurisdiction." *Saldana*, 27 F.4th at 687. Accordingly, the Court rejects Defendants' argument that the PREP Act is a complete preemption statute.

### iii. Preemption of a Single Cause of Action Results, at Most, in Defensive, Not Complete, Preemption

      Defendants argue that, even if the Act does not displace all of Plaintiffs' claims, it explicitly preempts Plaintiffs' claims that turn on allegations of willful or intentional misconduct. (Defs.' Response at 3.) Relying on the Third Circuit's opinion in *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, (3rd Cir. 2021), Defendants argue that the PREP Act completely preempts willful misconduct causes of action, and that the Court should determine whether Plaintiffs allege willful misconduct based on their factual allegations. (*Id*.) Defendants urge the Court to find that at least some of Plaintiffs' claims are willful misconduct claims preempted by the PREP Act and exercise supplemental jurisdiction over state-law claims that are not preempted. (*Id*.) As noted above, the FAC variously alleges negligent, reckless, as well intentional misconduct.

      First, Defendants point to Plaintiffs' allegations that Royal Bellingham made a "conscious and purposeful decision to ignore and violate state regulations governing the operation of a skilled nursing facility for the sole and express purpose of maximizing profit and corresponding bonuses" and showed "callous indifference to the pain and suffering they were, and are, inflicting upon elders" as allegations of willful misconduct as defined by the Act. (Defs.' Response at 3, citing FAC ¶¶ 26, 28.) Defendants further point to allegations that Defendants failed to protect Plaintiffs' mother and provide her with the COVID-19 vaccine "in a deliberate, cold, callous, and intentional manner in order to injure and damage [her.]" (Defs.' Response at 5, citing FAC ¶¶ 28, 73–74.) According to Defendants, these allegations clearly fit within the PREP Act's definition of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06936-JLS-JC                                                  Date: November 09, 2022
Title:  Estate of Nora Vasquez Acebes et al v. The Residences at Royal Bellingham Inc.

"willful misconduct: an act or omission taken: (1) "intentionally to achieve a wrongful purpose"; (2) "knowingly without legal or factual justification"; and (3) "in disregard of a known or obvious risk."  (Defs.' Response at 5, citing 42 U.S.C. § 247d-6d(c)(1)(A).)

Even assuming, without deciding, that these allegations rise to willful misconduct as defined by the PREP Act, Defendants' arguments here are unavailing.  *Saldana* clearly provides that the PREP Act does not provide an exclusive federal cause of action for claims that come within its scope:

> [Defendant] argues that the PREP Act may preempt one of the Saldanas' claims—the second cause of action under state law for willful misconduct.  Whether the claim is preempted by the PREP Act turns on whether any of the conduct alleged in the complaint fits the statute's definitions for such a claim.  But finding that one claim may be preempted is different than finding that the "federal statutory scheme is so comprehensive that it entirely supplants state law causes of action," such as the Saldanas' other causes of action for elder abuse, custodial negligence, and wrongful death.

*Saldana*, 27 F.4th at 688 (quoting *Retail Prop. Tr.*, 768 F.3d at 947).  Perhaps Plaintiffs' claims based on allegations of willful misconduct as defined by the PREP Act are barred by the Act under principles of ordinary defensive preemption, or otherwise.  But the presence of a federal defense is different from complete preemption, and a state court can determine which of Plaintiffs' claims, if any, are barred by the Act.[2]  *Cf. Martin v.*

---

[2] Defendants' reliance on the Third Circuit's opinion in *Maglioli* is misplaced.  (*See* Defs.' Response at 2–3; Defs.' Reply at 3.)  There, the Third Circuit held only that "[c]onceivably, some state-law claims could fall within Congress's narrow cause of action for willful misconduct."  16 F.4th at 412.  The Third Circuit did not hold that all allegations or intentional or willful misconduct are completely preempted by the PREP Act.  At least one district court bound to follow *Maglioli* has found that even allegations "couched in terms of intentional acts," like some of Plaintiffs' claims here, "fall short of establishing a willful-misconduct claim under the 'stringent standard' set forth in the PREP Act" if they do not allege loss caused by the administration or use of COVID-19 countermeasures.  *Milan by & through Boyd v. Shenango Presbyterian Seniorcare*, 2022 WL 3647826, at *2 (W.D. Pa. Aug. 23, 2022).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-06936-JLS-JC                              Date: November 09, 2022
Title: Estate of Nora Vasquez Acebes et al v. The Residences at Royal Bellingham Inc.

*Serrano Post Acute LLC*, 2020 WL 5422949, at *2 (C.D. Cal. Sept. 10, 2020), *aff'd sub nom. Martin v. Filart*, 2022 WL 576012 (9th Cir. Feb. 25, 2022) ("If Defendants believe that some or all of Plaintiffs' state law claims are barred by the PREP Act, the appropriate response is to file a demurrer in state court.")

      Even if some of Plaintiffs' claims here are preempted by the PREP Act, Plaintiffs also allege reckless or negligent misconduct, which are clearly outside the scope of the Act. Further, Defendants have filed two responses to the Court's October 3, 2022 OSC and have not cited a single instance of a district court applying *Saldana* or any other appellate decision and concluding that the PREP Act completely preempts state-law claims arising from willful misconduct. By contrast, Plaintiffs have cited to a host of district court decisions within the Ninth Circuit and beyond that have declined to find state-law claims, even those dependent on allegations of intentional or willful misconduct, are preempted by the PREP Act. (*See* Plaintiffs' Response at 6 n.1, 8 n.2.)

      Plaintiffs' claims are not completely preempted by the PREP ACT and there is no federal jurisdiction based on complete preemption here. *Cf. Kovacs*, 2022 WL 1129269, at *3 ("Even though plaintiff's complaint includes allegations of willful misconduct, preemption cannot serve as a basis for federal jurisdiction here."). Accordingly, the Court finds that the PREP Act does not completely preempt Plaintiffs' state law claims or provide a basis for the Court to exercise jurisdiction over Plaintiffs' claims.

**IV.   CONCLUSION**

      For the foregoing reasons, Defendants have failed to demonstrate why the Court has subject matter jurisdiction over the state-law claims brought by Plaintiffs in this case.

---

Here, Plaintiffs do not allege that Defendants caused their mother injury or death by administering or using countermeasures, but rather through Defendants' *failure* to administer or use such measures. (*See* Compl. ¶ 34.) Accordingly, the Court concludes that the PREP Act would not preempt Plaintiffs' allegations of willful misconduct even under *Maglioli*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06936-JLS-JC                                                          Date: November 09, 2022
Title:  Estate of Nora Vasquez Acebes et al v. The Residences at Royal Bellingham Inc.

Accordingly, the Court REMANDS this action to Los Angeles County Superior Court, Case No. 22STCV01705.

Initials of Deputy Clerk:  vrv